WILLIAMS and LLOYD, JJ, concur.

## B. & O. S. W. R. R. Co v BETHEL

Ohio Appeals, 4th Dist, Ross Co
Decided Jan 7, 1931.

John P. Phillips, Chillicothe, for Railroad Co

J D. Withgott, Chillicothe, for Bethel.

**MIDDLETON, P.J.**

We have referred only to some of what we consider the outstanding facts reflecting on the negligence of the company, which it may observe is not seriously disputed, but we think those facts are very material to consider in connection with the contention of the company that Bethel by his own negligence proximately contributed to his injury.

The jury, as before observed, returned a general verdict in favor of the plaintiff and also at the request of the company returned special findings of fact in answer to interrogatories submitted by it. Among those interrogatories was one numbered eight which reads as follows:

"Do you find from the evidence that the plaintiff looked to his right for the approaching train at any time after he passed the coal tipple, and if so at what distance from said main track?

Answer: Yes. Forty feet."

The company moved for a judgment in its favor upon said findings and particularly upon the interrogatory and answer just quoted. This motion was overruled and the action of the court in so overruling the motion is one of the errors complained of in this proceeding. The special findings

were not attacked by the railroad company nor by Bethel. Both parties seem to be satisfied to accept them as conclusive on the matters they cover. We are not persuaded by the evidence that these findings are correct in every instance but if they are satisfactory to the parties it is not the province of the court to change, modify or set aside any of them.

Without referring to any further facts and coming now to consider the main contention of the company that Bethel contributed by his own negligence to his injury, it must be kept in mind that the negligence of the company in the operation of the train must be considered in determining the effect of Bthel's actions at that time. It is almost unbelievable that the engineer, operating the train at the high rate of speed which the evidence establishes, would have no knowledge whatsoever of the presence of Bethel on the track. It is also difficult to believe that one operating a train at such speed would approach a street in a city of the size of Chillicothe without giving any warning of its approach. The evidence is all to the effect that the only warning heard by bystanders and other persons in a position to hear was the post warning back somewhere along the line, the location of which the evidence fails conclusively to establish. Bethel had the right to proceed on Watt Street assuming the defendant company would not violate any speed laws or any of the regulations which govern the operation of trains approaching a crossing like that which the evidence shows Bethel was about to make. In the absence of any circumstances in evidence which would tend to show that Bethel should have anticipated the speed of the train and governed his actions accordingly, we are bound to determine what was done by him as the act of a man who governed his movements on the assumption that no train would approach that crossing at a speed prohibited by the ordinance of the city and without observing the statutory law of the state in respect to the giving of signals and warning of its approach.

The jury found in answer to special interrogatories that Bethel could not see the approach of the train at twenty, twenty five or thirty feet from the crossing. This finding doubtless was due to the fact that along and parallel to the main track was a switch, on which was standing a string of five cars of a probable total length of two hundred feet beginning at a point on said switch from fifty to sixty feet from the street. These cars doubtless obstructed the view of the track to the east. It is contended that in the light of this situation he

should have stopped his car, alighted therefrom and proceeded to investigate for the approach of trains. We are not prepared to approve such requirement as this from travelers on a street within a corporation where if the company had observed the speed laws or had approached the crossing at a reasonable speed with proper signals and warnings such precautions are not shown to be necessary.

It must be further noticed as pertinent to the question of contributory negligence that Bethel was compelled to cross ten or twelve tracks before he came to the main track, and it is definitely shown that he stopped his car before he started across said switch tracks and made observation and looked for the approach of trains. It is contended that this stop was two or three hundred feet from the crossing and too far away from the danger of the main track to be effective against approaching trains. While this may be true it nevertheless is a circumstance tending to show the care and caution of Bethel in his approach to the main track and his desire to avoid any unnecessary risks or any unreasonable chances of a collision.

Other facts are in evidence reflecting on the question of his contributory negligence, but sufficient has been mentioned here to show that it is and was a question for the jury, and the circumstances surrounding it were such that its determination by the jury must be held to be conclusive.

The company complains of the admission in evidence of certain of its rules which it maintains were not pleaded in the petition and therefore could not be considered by the jury as reflecting on the alleged negligence of the company or the failure to observe the same by the company's employes as constituting negligence for which a recovery could be had. The purpose for which those rules were admitted is fully reviewed in the case of Cincinnati Street Railway Co v Altemeir, Admr., 60 Oh St, 10. While it would have been proper for the trial court to have explained to the jury for what purpose they were admitted, no request was made for such instruction by the company and the attention of the court was not directed to that feature of their admission, and no exceptions taken by the company to the omission of the court to give such instructions.

As before observed, there are many complaints made going to the refusal of the court to give certain special instructions requested by the company and also to the giving of certain instructions requested by Bethel. We do not regard these contentions as requiring any special notice. It

may be said, however, that special charge number twenty one, requested by the company and refused by the court, was properly refused by reason of the fact that it was entirely misleading under the peculiar circumstances shown by the evidence.

Another special charge requested by the company, being number sixteen, said to the jury that in the opinion of the court ordinance number ninety four of the city of Chillicothe, providing a speed limit for trains within the corporation, was unreasonable and an unnecessary restriction of the regulation of the railroad. The refusal to give this instruction was proper because that question was one for the court and should have been directed to the court in a proper manner, which was not done and which if done was not supported by that degree of proof required by the rule announced in the case of Toledo, etc. Railway Co. v Miller, 108 Oh St, 388.

In conclusion it is sufficient to say that we find no error in the record in this proceeding which would justify a reversal of the judgment and it is affirmed.

MAUCK and BLOSSER, JJ, concur.